IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Vantage Healthcare Network, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  15-120 Erie |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Vantage mHealthcare, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION,
AND UNFAIR COMPETITION**

NOW comes Plaintiff, Vantage Healthcare Network, Inc. ("Vantage"), by and through its counsel, upon information and belief, avers the following for its Complaint against Defendant Vantage mHealthcare, Inc.  ("Vantage M").

## I. NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, trademark dilution, and unfair competition, arising under the Federal Trademark Act of 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. §§1051 et seq., and the statutes and common law of the Commonwealth of Pennsylvania.  Vantage seeks permanent injunctive relief as well as other equitable relief and compensatory and punitive damages arising from Vantage M's willful, unlawful, intentional, unfair, and misleading conduct and unjust enrichment.

## II. THE PARTIES

2. Vantage is a corporation duly organized under the laws of the Pennsylvania having principal place of business at 1305 South Main St., Meadville, Pennsylvania, 16335.

3. Vantage M is a corporation duly organized under the laws of Delaware with an address at Three Columbus Circle, 15th Floor, New York, New York, 10019.

4. Vantage M upon information and belief conducts regular ongoing business in this judicial district and interstate relating to the advertising, marketing and sale (or intent to sell) of mobile screening devices and sensors.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and parties of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§1331, 1338(a) and (b), and under the principle of supplemental jurisdiction pursuant to 28 U.S.C. §1367.

6. Venue is proper in this judicial district under 28 U.S.C. § 1332, 1391(b) and (c), and 1400(b) and because Vantage M is subject to personal jurisdiction in this judicial district and the amount in controversy is in excess of $75,000.

### IV. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. In 1985, Vantage was created to allow healthcare organizations to offer jointly owned services not only to each other but to the wider market place and yet remain independently controlled and owned. The result is that Vantage provides services that were previously only available to larger systems while also having these same services produce revenue from the market place that previously were not captured by the Vantage owners. Patients who had to travel to other communities for services may now receive them in their own home town. The services and associated equipment and products provided by Vantage include the following: mobile diagnostic, home infusion, home medical equipment and oxygen, long term care pharmacy, linen, sleep, telecommunications, patient bill payment center, purchasing

partners, and PPO provider search services.  The Vantage brand has become iconic for providing high-quality healthcare services and solutions.

8. Vantage provides diagnostic mobile services for facilities and organizations including providing high quality MRI, Lithotripsy, PET/CT, GreenLight Laser, and Computed Tomography services.  See attached Exhibit A, Vantage Mobile Services brochure.

9. Vantage is the owner of several federally registered trademarks for use in conjunction with providing healthcare products and services including, home infusion services, home medical equipment and oxygen, long term care pharmacy, linen services, sleep services, telecommunications, patient bill payment center, purchasing partners, and PPO provider search services.  Vantage's federally registered trademarks include:  "**VANTAGE**"; "**VANTAGE HEALTHCARE NETWORK, INC.**"; and "**VANTAGE HEALTH GROUP**" (collectively the "**Vantage Marks**").

10. Since as early as 1993, Vantage has been using the **Vantage Marks** in connection with its products and services in the healthcare industry.  Over the years, Vantage has spent millions of dollars advertising and promoting its products in the healthcare industry bearing the **Vantage Marks**.  Vantage has thereby generated extensive goodwill in connection with its products and services in the healthcare industry and the purchasing public has come to know, rely upon, and recognize the **Vantage Marks** as indicating a source of high-quality and reliable goods and services in the healthcare industry.

11. The **Vantage Marks** have thus come to be associated with and represent the significant goodwill that Vantage has developed in connection with its products and services in the healthcare industry.

12. Vantage is the owner of U.S. Trademark Registration No. 1,847,955 registered August 2, 1994 for the mark **VANTAGE** in International Class 042 for health care services. A copy of this U.S. Trademark Registration is attached hereto as Exhibit B.

13. U.S. Trademark Registration No. 1,847,955 for the **VANTAGE** Mark is incontestable pursuant to the provisions of 15 U.S.C. § 1065.

14. Vantage is the owner of U.S. Trademark Registration No. 1,952,531 registered January 30, 1996, for the mark **VANTAGE** in International Class 035 for: hospital management and hospital management consultation services; administrative services, namely accounting and billing services; procurement services, namely purchasing supplies and equipment for hospitals, co-operative advertising and marketing assistance; business planning; personnel placement and recruitment. A copy of this U.S. Trademark Registration is attached hereto as Exhibit C.

15. U.S. Trademark Registration No. 1,952,531 for the **VANTAGE** Mark is incontestable pursuant to the provisions of 15 U.S.C. § 1065.

16. Vantage is the owner of U.S. Trademark Registration No. 3,097,766 registered May 30, 2006, for the mark **VANTAGE** in International Class 016 for: brochures, pamphlets and newsletters featuring articles and information in the filed of health care services and health care support services. A copy of this U.S. Trademark Registration is attached hereto as Exhibit D.

17. U.S. Trademark Registration No. 3,097,766 for the **VANTAGE** mark is incontestable pursuant to the provisions of 15 U.S.C. § 1065.

18. Vantage is the owner of U.S. Trademark Registration No. 1,935,020 registered November 14, 1995, for the mark **VANTAGE HEALTHCARE NETWORK, INC.** in International Class 035 for: hospital management and hospital management consultation

4

services; for administrative services, namely accounting, billing and collection services, for procurement services, namely purchasing for hospitals, marketing assistance, financial analysis, development, planning and employee recruitment.  A copy of this U.S. Trademark Registration is attached hereto as Exhibit E.

19. U.S. Trademark Registration No. 1,935,020 for the **VANTAGE HEALTHCARE NETWORK, INC.** mark is incontestable pursuant to the provisions of 15 U.S.C. § 1065.

20. Vantage is the owner of U.S. Trademark Registration No. 1,952,530 registered January 30, 1996, for the mark **VANTAGE HEALTH GROUP** in International Class 035 for: hospital management and hospital management consultation services; administrative services, namely accounting and billing services; procurement services, namely purchasing supplies and equipment for hospitals, co-operative advertising and marketing assistance; business planning; personnel placement and recruitment.  A copy of this U.S. Trademark Registration is attached hereto as Exhibit F.

21. U.S. Trademark Registration No. 1,952,530 for the **VANTAGE HEALTH GROUP** mark is incontestable pursuant to the provisions of 15 U.S.C. § 1065.

22. In or about January 2015, Vantage learned that Vantage M, without permission, copied and used marks that are almost identical and confusingly similar to the **Vantage Marks** to target and solicit customers.  In particular, Vantage M, without permission, used and is using marks that are almost identical and confusingly similar to the **Vantage Marks** in commerce and on its Website at www.vantagemhealthcare.com to target and solicit customers to purchase mobile sensors and related applications for lung cancer and marijuana screening under the designation "Vantage".  The www.vantagemhealthcare.com homepage states that Vantage M

"will make available to healthcare providers and their patients with lung cancer screening results in real time".  The vision statement for Vantage M's Vantage Sensor is "[t]o save lives, create efficiency and reduce costs through innovative, mobile screening technologies."  Website printouts including these statements are attached hereto as Exhibit G.

23. On March 5, 2015, counsel for Vantage sent a cease-and-desist letter to Vantage M requesting that Vantage M immediately do the following:  (a) take down the "vantagemhealthcare.com" Website, and (b) cease and desist from all use of the "Vantage mHealthcare, Inc." designation in association with healthcare-related services, and any other designations confusingly similar to Vantage's trademarks.  A true and correct copy of the letter is attached hereto as Exhibit H.

24. On March 31, 2015, counsel for Vantage M wrote to counsel Vantage and stated, in part, that Vantage M "has no intention of discontinuing any use of its mark and name."  A true and correct copy of the e-mail is attached hereto as Exhibit I.

25. Accordingly, Vantage M has not ceased using marks that are identical, or almost identical, and confusingly similar to the **Vantage Marks** and/or making and selling (or intend to sell) mobile sensors and related applications that are almost identical and confusingly similar to the **Vantage Marks**.  In fact, as of the date of this Complaint, Vantage M's "Vantage" and "Vantage mHealthcare" marks that are almost identical and confusingly similar to the **Vantage Marks** still appear on Vantage M's Website at www.vantagemhealthcare.com.  See Exhibit G.

26. Vantage M's copying and use of marks that are almost identical and confusingly similar to the **Vantage Marks** is intended to cause and has caused confusion in the marketplace that Vantage M's products originate, are sponsored by, or are otherwise affiliated with Vantage because of the identical, or almost identical, marks used by Vantage and Vantage M.  In addition,

6

both Vantage and Vantage M use their marks in overlapping channels of trade to market and sell (or intend to sell) mobile sensor and screening products and services in the healthcare field.

27. Unless the relief requested herein by Vantage is granted, Vantage will suffer further serious, immediate, and irreparable harm, including, but not limited to, customer confusion, and loss of goodwill.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT PURSUANT TO 15 U.S.C. § 1114

28. Vantage repeats and realleges the averments contained in paragraphs 1 through 27 of this Complaint as if fully stated herein.

29. The **Vantage Marks** are valid and subsisting and provide Vantage with the right to use the **Vantage Marks** in commerce in the United States and this Judicial District.

30. Vantage M has infringed the **Vantage Marks** in interstate commerce, and within this Judicial District by various acts, including using marks that are reproductions, copies, or colorable imitations of the **Vantage Marks** in connection with the advertising, marketing, distribution, and/or sale (or intent to sell) of the Vantage M products and services, all in violation of 15 U.S.C. §1114(1)(a).

31. Vantage M's use of marks that are almost identical and confusingly similar to the **Vantage Marks** is without permission or approval of Vantage and such use by Vantage M has caused and is likely to cause confusion, to cause mistake, and to deceive consumers as to the source of origin of the products.

32. Consumers who purchase Vantage M's products that bear marks that are identical, or almost identical, and confusingly similar to the **Vantage Marks**, believing the products to be sponsored, associated with, or affiliated with Vantage, are deceived and misled or will likely be

7

deceived and misled, thereby resulting in a loss of the goodwill in the **Vantage Marks** and creating confusion, thus irreparably injuring Vantage.

33. Upon information and belief, Vantage M's continued use of marks that are identical, or almost identical, and confusingly similar to the **Vantage Marks** is with the deliberate intention of trading on and benefiting from the valuable reputation and goodwill established in the **Vantage Marks** and gives the false impression that Vantage M is associated with Vantage.

34. Vantage has no control over the quality of the products offered and sold (or intended to be sold) by Vantage M and, because of the confusion as to the source and false association with Vantage engendered by Vantage M, Vantage's valuable goodwill in respect to the **Vantage Marks** is at the mercy of Vantage M unless such use is preliminarily and permanently enjoined.

35. Vantage M's use of marks that are identical, or almost identical, and confusingly similar to the **Vantage Marks** is a deliberate, knowing, and willful infringement of Vantage's statutory rights in the **Vantage Marks**. Such acts have been undertaken in reckless and willful disregard for Vantage's rights in the **Vantage Marks** and have been designed specifically to trade upon the goodwill associated with the **Vantage Marks**.

36. Vantage has been, and is likely to continue to be, irreparably harmed and damaged by Vantage M's acts of trademark infringement if Vantage M is not restrained, in that Vantage has suffered and is likely to suffer loss of reputation and destruction of goodwill each time that its customers and members of the general public believe that the products of Vantage M are provided, operated, sponsored, endorsed, authorized, recommended, or warranted by Vantage, and Vantage has no adequate remedy at law.

## COUNT II
## FALSE DESIGNATION OF ORIGIN PURSUANT TO 15 U.S.C. § 1125(a)

37. Vantage repeats and realleges the averments contained in paragraphs 1 through 36 of this Complaint as if fully stated herein.

38. Vantage M's use of marks that are identical, or almost identical, and confusingly similar to the **Vantage Marks** in connection with advertising, marketing, and/or selling (or intending to sell) Vantage M products creates the false designation of origin that such products emanate from Vantage and falsely create the impression that Vantage sponsors or approves of the Vantage M products and falsely associates and affiliates Vantage M with Vantage in violation of 15 U.S.C. §1125(a).

39. The unauthorized use of marks that are identical, or almost identical, and confusingly similar to the **Vantage Marks** in such a manner is intentionally designed to deceive prospective purchasers into believing that the Vantage M products bearing marks that are almost identical and confusingly similar to the **Vantage Marks** are offered for sale by, originate from, or are endorsed by Vantage. Vantage M's use of marks that are identical, or almost identical, and confusingly similar to the **Vantage Marks** is likely to deceive and has deceived consumers into believing that Vantage M is in some way associated with, connected with, or related to Vantage. Vantage M has done so by unfairly appropriating the identical "Vantage" name for its sensors and the virtually identical "Vantage mHealthcare" name for its company, and by establishing its website located at www.vantagemhealthcare.com.  Such use is likely to harm the reputation and goodwill of Vantage.

40. Vantage M's unauthorized use of marks that are identical, or almost identical, and confusingly similar to the **Vantage Marks** in interstate commerce has caused and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association

9

of Vantage M with Vantage or as to the origin, sponsorship, or approval by Vantage of Vantage M's products.

41. Upon information and belief, Vantage M has, with knowledge of the falsity of the designations of origin, descriptions, and/or representations used in connection with the advertising, marketing, and sale (or intent to sell) of the Vantage M products, caused them to be advertised, and distributed in interstate commerce to the immediate and irreparable damage of Vantage and the public in violation of 15 U.S.C. §1125(a).

42. Unless and until preliminarily and permanently enjoined by this Court, the acts of Vantage M complained of herein will continue unabated, all to the continuing irreparable injury, damage, and detriment of Vantage, for which Vantage has no adequate remedy at law.

## COUNT III
## DILUTION PURSUANT TO 15 U.S.C. § 1125(c)

43. Vantage repeats and realleges the averments contained in paragraphs 1 through 42 of this Complaint as if fully stated herein.

44. Since as early as 1983, Vantage has been using the marks **VANTAGE**, **VANTAGE HEALTHCARE NETWORK, INC.**, and **VANTAGE HEALTH GROUP** in connection with its services and products in the healthcare industry. Over the years, Vantage has spent millions of dollars advertising and promoting its products in the healthcare industry bearing the **Vantage Marks**. Vantage has thereby generated extensive goodwill in connection with its services and products in the healthcare industry and the purchasing public has come to know, rely upon, and recognize the **Vantage Marks** as indicating a source of high-quality and reliable services and goods in the healthcare industry. As a result of this extensive promotion and advertising, Vantage has become a leader in the healthcare industry as a supplier of high-

quality services and products and has consistently achieved a high volume of sales throughout the United States.

45. The **Vantage Marks** became famous long before Vantage M's unauthorized use and display of the infringing Vantage M marks.

46. Such unauthorized activities by Vantage M have blurred and are likely to continue to blur the distinctive quality of the **Vantage Marks**.

47. Such unauthorized activities by Vantage M have tarnished and are likely to continue to tarnish the distinctive quality of the **Vantage Marks**.

48. Vantage M's use of marks that are identical, or almost identical, and confusingly similar to the **Vantage Marks** without license or permission has caused dilution of the **Vantage Marks** and is likely to continue to cause dilution of the **Vantage Marks** pursuant to 15 U.S.C. § 1125(c).

49. Unless and until permanently enjoined by this Court, the acts of Vantage M complained of herein will continue unabated, all to the continuing irreparable injury, damage, and detriment of Vantage, for which Vantage has no adequate remedy at law.

## COUNT IV
## UNFAIR COMPETITION PURSUANT TO 54 PA.C.S. § 1124

50. Vantage repeats and realleges the averments contained in paragraphs 1 through 49 of this Complaint as if fully stated herein.

51. By committing the acts herein alleged, including the use in commerce of marks that are identical, or almost identical, and confusingly similar to the **Vantage Marks** in connection with mobile sensors and related screening applications, Vantage M has unfairly appropriated the registered **Vantage Marks**, famous in this district, and the goodwill associated therewith, and its actions in doing so constitute, among other things, unfair competition and

injury to Vantage's reputation, all in violation of the common laws and the laws of the Commonwealth of Pennsylvania, including at least 54 Pa.C.S. § 1124.

52. Vantage M used and is using marks that are almost identical and confusingly similar to the **Vantage Marks** with malicious and reckless disregard of Vantage's rights in and to the **Vantage Marks** and with the willful intention to trade on Vantage's reputation and goodwill and to cause dilution of the **Vantage Marks**. In particular, Vantage M, without permission, used and is using marks that are identical, or almost identical, and confusingly similar to the **Vantage Marks** on its Website at www.vantagemhealthcare.com to target and solicit customers to purchase mobile sensors and related screening applications under the designations "Vantage" and "Vantage mHealthcare".

53. Exemplary and punitive damages are necessary by reason of Vantage M's intentionally tortuous conduct which has and will continue to cause damage to the rights of Vantage in its **Vantage Marks** and to the business reputation and goodwill of Vantage, and are necessary to deter future similar conduct by Vantage M.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT

54. Vantage repeats and realleges the averments contained in paragraphs 1 through 53 of this Complaint as if fully stated herein.

55. Vantage M's acts as complained of herein, including the unlawful, reckless, and intentional use of marks that are identical, or almost identical, and confusingly similar to the **Vantage Marks**, has been intentionally undertaken in reckless and willful disregard for Vantage's common law trademark rights and designed specifically to trade upon the goodwill associated with the **Vantage Marks** in this judicial district.

56. Unless and until enjoined by this Court, the acts of Vantage M complained of herein will continue unabated, all to the continuing damage and detriment of Vantage, for which Vantage has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

(a) that this Court grant a Permanent Injunction pursuant to 15 U.S.C. § 1116, enjoining and restraining Vantage M and its agents, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through, or in active concert with any of them, from directly or indirectly using the **Vantage Marks** or any other marks, words, or names similar thereto which are likely to cause confusion, mistake, or to deceive;

(b) that this Court grant a Permanent Injunction pursuant to 15 U.S.C. § 1116, enjoining and restraining Vantage M and its agents, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through, or in active concert with any of them, from engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Vantage's business reputation or to dilute the distinctive quality of the **Vantage Marks**;

(c) that this Court order pursuant to 15 U.S.C. § 1118, that all products, labels, signs, prints, pamphlets, wrappers, banners, advertisements, goods, web icons, and counterfeits or colorable imitations in the possession of Vantage M and its agents, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through, or in active concert with any of them bearing the **Vantage Marks** and/or any

other mark confusingly similar to the **Vantage Marks** be delivered and/or destroyed as the Court shall direct;

(d) that Vantage M be required to account to and pay Vantage for any and all profits derived from the sale, intent to sell, or use of any products bearing the **Vantage Marks** and/or any other mark confusingly similar to the **Vantage Marks** and for all damages sustained by Vantage by reason of said acts of infringement and unfair competition complained of herein and that said damages be trebled pursuant to 15 U.S.C. § 1117(b) and 54 Pa.C.S. § 1125(a) as a result of Vantage M's willful violations of 15 U.S.C. § 1114(1)(a) and 54 Pa.C.S. § 1124, in an amount to be determined at trial;

(e) that the Court award exemplary and punitive damages against Vantage M by reason of Vantage M's intentional and willful conduct in favor of Vantage;

(f) that the costs of this action, together with reasonable attorney's fees, be awarded to Vantage pursuant to 15 U.S.C. § 1117(a); and

(g) that Vantage be awarded such further relief as the Court shall deem just and appropriate.

## DEMAND FOR JURY TRIAL

Vantage hereby demands a trial by jury for all issues triable by a jury.

Respectfully submitted,

Dated: May 3, 2015    By: */s/ Douglas M. Hall*

Alan G. Towner, Esq.
Douglas M. Hall, Esq.
PIETRAGALLO   GORDON   ALFANO
BOSICK & RASPANTI LLP
38th Floor, One Oxford Centre

Pittsburgh, PA  15219
(412) 263-2000
agt@pietragallo.com
dmh@pietragallo.com

*Counsel for Plaintiff, Vantage Healthcare Network, Inc.*